May it please the Court, my name is Michael Brown and I represent the appellant Luke Justin Frazier in this action. This case involves the defendant's challenge to two misdemeanor court convictions that the district court used to enhance the defendant's sentence and to impose a greater number of criminal history points such that the district court felt compelled to find that a minimum mandatory 60-month sentence applies. With respect to the two convictions, the first one is the 2000 conviction. In that case, the defendant, excuse me, the appellant acknowledges that he clearly has the burden of proof beyond preponderance of the evidence. The appellant also acknowledges that with respect to the State records, he has to overcome, and he has the burden of making an affirmative showing, to overcome that there is a presumption of regularity. In all instances in this case, the defendant has met that burden of preponderance and has shown by an affirmative showing that there are, that there can be no presumption of regularity in this case, and that what actually prevailed in this case with respect to the 2000 conviction is irregularity, that no attorney was present for Mr. Frazier, the appellant, at any point in time with respect to the 2000 conviction, that the city was present during the 2000 conviction. And to focus on the other one, which is the two convictions, to make that claim  claim during the 2000 conviction, and to focus on the other one. And Mr. Frazier doesn't say that there wasn't either. He just says he didn't consult with anybody. That doesn't show that nobody was present. That doesn't really show much of anything. It is true, Judge, that there is not an affidavit from Mr. Frazier that went to the district court that said, I did not have counsel. Right. Tactically, based on the court's previous decisions, the self-serving statements, as they're called sometimes or called by the government of the defendant, to say he did not. He's the only one who could have said it. He said, I didn't have a lawyer. He never said it. So I don't understand how you can say he carried his burden by preponderance to overcome a presumption of regularity years later, when he doesn't even say he didn't have a lawyer. And when the record shows that there were checkmarks for a court-appointed attorney having previously been made, and the distribution box for the judgment shows a PD, which is obviously the public defender. Correct, Your Honor. To try to answer the first question is, it was a vow to the court, to the district court, and the district court never objected to the fact that Mr. Frazier claimed and asserted in the vow to the court that he did not have counsel at any time for the 2000 conviction. With respect to the specific findings of the State court minute entries, which this court is entitled to review their nature and extent, determine if they're silent, determine if they're ambiguous, determine if they give any inferential evidence that Mr. Frazier actually had an attorney, I think the overwhelming evidence shows that there were irregularities all the way across the board. And to be more specific to the Court's question is that those irregularities happened from the very beginning. The district or the city court judge in this case says, I'm going to appoint an attorney, and that is some presumption of regularity. But from, and that's in the initial hearing on February 12th of 2000. But what happens after that is all completely irregular. There's no appointment for Mr. Frazier. Well, the records show that there was an appointment, and it's checked. The box is checked for appointment. And there's a handwritten note that says previously appointed. And then the box for distribution of the judgment is to the public defender. I mean, the inferences, sure, there's nothing that says flat-out he had a lawyer. But the inferences sure are in that direction. And so my question is, when you say you have evidence that overcomes the presumption that counsel was provided, what is it? Well, and I think, and I apologize if I misspoke, there is a difference between the appointment of counsel and the actual appearance of counsel. The city court judge in this case clearly made a recommendation for the appointment of counsel. But what we can see between the first and the second court dates is that request for the appointment of counsel didn't happen. No attorney ever actually appeared for Mr. Frazier. We don't know that. The court found otherwise. Well, what we know from the first, what we know, Judge, is that in that first court case, or the first minute entry where the judge said, I'm appointing counsel, four days later, Mr. Frazier is back in front of the court and there's no attorney present for him, such that. We know that. We know that there's no attorney present for them, because the court had to check the box on the February 16th minute entry to say, appoint counsel, previous appointment made, and there's no reference to an attorney being present. But there's no box that says attorney present. Well, and I think that's another point with respect to the presumption of regularity, Judge. And I'm not conceding that there is some evidence in the record that would imply that, I guess, would imply, and that's the best you can say is imply that there was an attorney present. The record shows that you could only imply that there was an attorney appointed. The record does not show in any way that an attorney was present. What I think is the affirmative showing, Your Honor, is that counsel went back after the presentence report said, I'm counting these convictions. Mr. Frazier indicated that I didn't have an attorney. Counsel went over to the court file, and the court file is completely devoid of the things that would be regularly found. There's no notice of appearance from counsel. There are no filings from counsel. Actually, is there any indication that that would be regularly found in a record in a city court in Arizona 10 years ago? I mean, is there? I don't know. Maybe there is. Well, Your Honor, I think what is the distinction is, with respect to comparing what the city court judge found or did not find with respect to the 2000 conviction, is what he did find with respect to the 2001 conviction. The same question was asked of the judge. Judge, please, from your review of your records, from your review of your regular kept records, please indicate whether Mr. Frazier had an attorney in the 2000 and 2001 case. What the court clearly said, by looking at the records, which, if they fell under a presumption of regularity, the court should have been able to clearly say, in both cases, he had an attorney. But the court didn't. The city court said in two – I guess I put it this way. The city court, in two specific instances, completely refused to rule that there was an attorney present for Mr. Frazier on the 2000 case. However, when the court looked at the 2001 file, Your Honor, the court clearly saw and noted in that first minute entry that there was an attorney present for Mr. Frazier. Present? Present, Your Honor. There was an attorney present. Rather than appointed and signed the plea agreement. He was present? I think that's what the minute entry says, Your Honor. Okay. The court clearly saw that there was an attorney present, but there's all the indicia of regularity with respect to the 2001 conviction, which is what's the affirmative showing, is that there's no other reason for the city court judge in the 2000 case to have not responded to the first motion requesting guidance on the issue of the attorney, and certainly why the city court did not respond in the motion to clarify, saying, Judge, please give us some indication of whether Mr. Frazier had an attorney. And there's just no indication. And I think that that's the affirmative showing. What else could Mr. Frazier have done but? Unlike the last case, you have to win on only one out of two in this case, right? That's correct, Your Honor. And you've talked about the 2000 conviction. Correct. In which you're correct, the minute order does say that the defense counsel was present and something, the plea agreement. I can't read that word. But you've got two minutes left. I can address the other issue, Your Honor. With respect to the 2001 conviction, it's Mr. Frazier's contention that the city court set that aside and that there was no limitation on the effect of that set aside. It did set it aside. The ruling's motion to set aside, however, is granted. So there's no question about that. It set it aside. Now, then what? Well, I think that the way you have to interpret that, Judge, is that that set aside without any limitations placed on it, without any limitations placed on it by the city court to some remedial purpose. There's no the city court clearly could have cited the Arizona statute that allows for set asides for a remedial purpose that would have taken that set aside and squarely put it under application note 10 of the guidelines. By failing to make any clarification or limitation of the basis of the set aside, the only thing the district court could have assumed is that it was a full set aside and a full vacation of that condition. Well, the district court used the word vacate in connection with denying the request to vacate on the counsel ground. That's correct. And then it set aside. So it seems to me it's fair to infer that the judge knew the difference. And he must have used set aside advisedly instead of vacate. You mean the city court judge? Well, I don't think in the guidelines, I don't think there's any difference between setting aside a conviction and vacating a conviction. Well, sure there is, because if the set aside under Arizona law, as it appears to be, simply sets it aside, it doesn't wipe it off the books for other purposes, which is what Arizona statute says. I guess my point, Judge, is that we can't infer that the city court judge set it aside for some remedial purpose. We can't infer that the city court judge set it aside because of the Arizona statute. That question was specifically posed to the city court judge, why did you set this aside? And the city court judge, when he said or refused to give any basis without any basis, and that goes to the district court, the district court clearly violates Guthrie by then questioning the soundness of the city court judge's ruling. If he had found that the proceedings were not counseled, then he would have vacated on the ground that it was unconstitutional. He didn't do that. So you set it aside. Well, I guess to respond to the Court's question is that I don't think that we can assume that the city court judge made a distinction between set aside or vacating the conviction. Even though within three words of each other, three or four words of each other, he used both of them. Well, Judge, I guess the question back is why didn't, if the – if when the judge got the motion to clarify the order, which clearly spelled out the differences between applications 6 and 10 and showed him the importance of making them some distinction, why didn't the city court then make some distinction or cite the Arizona statute that allowed for a remedial purpose for the set aside? Does the Court have any more questions at this time? Thank you. May it please the Court. My name is Bruce Fergus. This is the United States Attorney on behalf of the government in this case. I start off with three points, one of which was to prove that there was a presumption of validity that attaches here, but defense counsel has already essentially conceded that, and that, in fact, the burden of proving that there was, by a preponderance of the evidence, something making his prior convictions invalid. So I'll go on to the next points. We have two priors that are in question here before you. The first one was in 2000 and – excuse me, the year 2000, which was the domestic violence assault. Basically, his assertion is that the record inadequately shows that he was a representative or, I guess, waived counsel. Look, what does set aside mean to you? I mean, that's the real heart of this thing. Well, that's exactly the problem. I know. So what's your point? It can mean a number of things. It's not – Including vacate. It could. But I think perhaps what we really need to focus on is that the guidelines say that we don't care what you call it unless it constitutes an expungement, which is only for purposes of legal error, actual innocence, or constitutional invalidity. It doesn't make any difference if it's set aside for some reason. Why did he set it aside in this case? Pardon me? Why did the city court set it aside in this case? Well, the district court judge essentially found that it was out of sympathy for the defendants, because in his motion – Where did he find that? What are the facts that tell us why the city court set it aside? What do we have to go by? Well, we have at the beginning of the meeting that the defendant presented to the city court saying, this is what I want you to set aside. And that motion includes not just a legal issue, but the fact that this is going to have an impact. This is going to make me – But as you say, it includes a legal argument for why it should be set aside or vacated. It suggests that, yeah. But it also refers only to – If he doesn't grant that legal motion based on a legal argument. And considering that and the obvious ambiguity in the minute entry or order that the city court judge issued, where on the one hand he refuses to vacate the guilty plea, which presumably he would have had to have done if he found some kind of constitutional or legal error, he nonetheless said, well, I'm going to – I'm getting the words confused now, but set aside the guilty plea. Excuse me, the conviction. And so it's internally contradictory. So what the district judge says, well, I don't have much use for city courts. So that shows you how much we can rely on city court judges. Is that the way we're supposed to deal with state court judges? Well, what the – I'm sorry, with me, you want us to write an opinion that said the reason to affirm is that district judge says we don't have any use for state court city judges? Not at all. Because the judge, the district court judge actually made the finding that it was set aside by the city court judge simply because it had been offered on the basis of potentially sympathy. I'm facing – We know that's not entirely true. But if it had been – the motion had been founded solely on sympathy, that would have had some credence, but it had two parts, sympathy and a legal argument. Not sympathy, but there was a legal argument that said here it does have real world consequences, right? Well, it's a factual finding that has to be – can only be ignored if it's clearly erroneous. And given the – Why is the district court in any better position than we are to look at this facts or the city court entry and determine what it is? He's looking at a cold record. So are we. Well, that maybe goes to the philosophy of whether there ought to be a clear error standard. Well, set aside – what's the meaning of set aside under Arizona law? Does it have a meaning? Honestly, I did not research that. What I noticed, though, was that the – Again, I – it's – I'm very hard pressed to understand not only how the government can come in and – it wasn't your office, but make citations to a record, as we've already discussed and you were here, that aren't in the record, but how the government can come and not have researched Arizona law to be able – to be in a position to advise us as to what, if any, meaning set aside has under Arizona law. In fact, there's a statute in Arizona that provides for setting aside a judgment Now, is that what the judgment – well, I guess you can't tell me because you don't know the statute. Well, I know the – I can talk to you about the statute, which provides – There is a statute, ARS 13907, which talks about setting aside. But it's also very explicit that the kind of set-asides that it authorizes don't affect the use of the convictions for subsequent sentencing purposes. And that was not cited to or relied on the city court judge, and it wouldn't have helped Mr. Frazier. So you just claim reliance on that statute? I'm saying that if that's what he did, then it doesn't help Mr. Frazier. But we don't know because the only thing that was cited to the city court judge as an authority was Rule 24.4, which simply deals with clerical mistakes. The district judge said he didn't seem to see a difference between setting aside and vacating because he said the city court, four years after the fact, vacates the judgment. He seemed to think set aside and vacate was the same. And so does the Arizona Supreme Court, which sometimes uses the terms interchangeably. As in Glaze v. Larson. As does Black's Law Dictionary, which defines set aside as annul or vacate a judgment. So in general, a lot of people use the terms interchangeably. And that's what Question Judge Reimer wants to know is what did the city judge mean by set aside and was he relying on a particular Arizona statute? He did not cite to it. The only thing that was put in front of him by defense was Rule 24.4. The appropriate rule, if he had gone that way, was actually 32.1. But that act was not available at that point because there were time limits which had long since expired for bringing that kind of a post-conviction. Well, let me ask a different question following up with what Judge Reinhart just asked. Supposing that vacate, set aside, do something with conviction all mean more or less the same thing. Right. And for the purposes of the guidelines, I take it the real question is whether that means you have gotten rid of it for legal error, for reasons related to legal error or actual innocence and whether it means it's been canceled out, really obliterated, destroyed completely, which is the Black's Law definition of expungement. Right. So what's the argument for why, no matter whether these words all do mean the same thing, it still was not expunged? Or is there an argument? Well, it's because the order is internally ambiguous, but because the one clear affirmative action that the. I suppose you view it in favor of the defendant, right? Well, because it's his burden of proof to show that in fact it was invalid. But the guilty plea was not set aside or whatever term we want to apply, which necessarily would have happened if the city court judge had found that there was a constitutional invalidity. Why do you make that assertion? Is that true under Arizona law? Or is it a general proposition? Well, that was the argument or the request for relief that was being put in front of him. And essentially he said no. Yes and no. That's the problem. And so we cannot, because the burden is on the defendant to show actual invalidity or, in this case, actual expungement, he cannot succeed. He has nothing but an ambiguity. The reason you're saying he can't succeed is because the guilty plea was not wiped out. He has not shown that it was, exactly. Yes, that's what you're saying. Yes, ma'am. That's your position. Okay. What do you make of Guthrie? I think Guthrie is distinguishable because, as I pointed out in the brief, the other cases where they have examined what has gone on and said no, you don't get to have this prior conviction thrown out were situations where there had been some kind of clear state procedures which had not been followed. In Guthrie, it appears that he did do what he was supposed to do procedurally. He went back and made the appropriate motion and said, and therefore appropriately received the relief that he then showed to the district court. The district court in Guthrie said, I don't think that this, you know, legally is the appropriate outcome, but he did not suggest that it had been handled procedurally in an inappropriate fashion. And likewise, Guthrie specifically points back to the argument here now is that the state court acted improperly. That's your basis of your argument? The state court acted procedurally improperly? I am suggesting that the defendant acted procedurally improperly and, therefore, did not obtain relief which amounts to expungement. And this Court is entitled to look at that under Application Note 10, which Guthrie notes is as appropriate. Mr. Gardner, what did you think is procedurally improper about the way the defendant approached the case? The correct mechanism to obtain the kind of relief that he wanted was a timely Rule 32 petition. However, this was several years after the fact for those kinds of issues that runs within 90 days. So he had basically waived or forgone. Well, so by the time you're saying that he couldn't have done that anyway? Pardon me? You're saying he couldn't have filed a Rule 32 petition anyway? Well, if you filed it. Well, I'm saying that he waived the correct mechanism of being procedurally improper for not filing a time-barred motion, right? What I'm saying is that he waived the only correct mechanism. The one he tried to use, 24.4, isn't applicable. The one statute that we have, 13907, would not give him any relief because it says you can still use the priors as, in fact, a prior conviction for sentencing? Well, so now we have the city court acting, and under the presumption of regularity to which we referred, what does that do? What do we make of that? That's what the cases that I cited, McAleya and the others, indicate, that when the defendant goes back and wants to say in district court, I have had my record expunged or you cannot use this prior, the district court is entitled to look at whether in fact the appropriate State procedures were utilized, and they were not. What case says that the State court vacated something, but the State court didn't act properly according to State law? What case is that? I know you cited cases, but I didn't see any that supported your point. I saw cases where the person didn't actually go to State court, but said I could go. But where does it say that the Federal court reexamines whether the State court acted properly according to State law? Well, in several of those cases, and I was discussing them at page 31, and actually beginning at page 80 as well, in order to be expunged so that you take it out of the mix for these sentencing purposes, it has to be based on these particular purposes. In other words, constitutional error, illegality, or innocence. Well, that's a different question. That's a question of why did the State court do what it did in this case? What was its reason? Well. But you're not saying something totally different. You're saying the State court, we shouldn't give any credit to the State court judgment because it wasn't in compliance with State court law. Exactly. Basically, you're arguing that the city court had no jurisdiction. And where do you get that? Well, it was a case that originated in city court. But in the sense of having the authority to grant some kind of remedy, it should have been Rule 32.1, which no longer is timely. 24.4 doesn't apply. Are you sure Rule 32.1 applies to city courts? Yes. That's why the direct appeal was eliminated most for guilty pleas in those non-record courts, is that they decided that the one and only remedy that would be available in those kinds of situations would be through Rule 32, which otherwise is also available as a post-conviction remedy in felony cases. I guess we don't get a lot of city court cases. I think we've taken you well over your time. Thank you very much. Are there any other questions for counsel, Your Honor? No. Thank you, counsel. That case just argued will be submitted. The next case is Wynn v. Lamarth.
judges: Reinhardt, Rymer, Thomas